

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDALL CHILDRESS and CLAUDIA CHILDRESS,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | CV 18–183–M–DWM<br><br>OPINION<br>and ORDER |

On September 23, 2016, Randall and Claudia Childress gave their car keys to an employee in the Tire Center of Defendant Costco Wholesale Corporation to get their tires rotated. (Doc. 12 at ¶ 3(d).) Their keys were then given to another individual who drove away in their car. (*Id.*) They sued Costco, alleging negligence (Counts 1, 4), bailment (Count 2), and negligent infliction of emotional distress (Count 3). (*See* Doc. 13.) Ten motions are pending. The Childresses seek summary judgment on their bailment claim, (Doc. 15), and on the amount of their property loss, (Doc. 21). Costco seeks summary judgment on liability, (Doc. 25); punitive damages, (Doc. 27); attorneys' fees, (Doc. 29); and emotional distress, (Doc. 31). The parties also each filed motions in limine. (*See* Doc. 44 (Childresses)), (Docs. 35, 37, and 39 (Costco)).

1

## Factual Background[1]

According to Costco, its employee gave the Childresses' keys to an individual who represented himself as the Childresses' son and said that his parents were trying to get on the road back to Idaho. (Doc. 33 at ¶ 2.) The Childresses later found their vehicle at a truck stop approximately five miles away. (*Id.*) The police determined that the vehicle was stolen and arrested two individuals for the theft. (Doc. 33 at ¶ 12; Doc. 51 at ¶¶ 11, 13, 23.) After the incident, Costco prepared an "Incident Report," which states that its employee caused the "damage." (Doc. 51 at ¶ 30; Doc. 51-4.) At the time, Costco told the Childresses to account for everything in the vehicle and keep track of their expenses so that Costco could reimburse them. (Doc. 51 at ¶ 31; Doc. 51-5 at 3.) After the vehicle was recovered, Costco paid for a rental car, for the Childresses' car to be detailed, and for a two-way radio stolen out of the car. (Doc. 51 at ¶ 3.) The Childresses claimed that they were afraid to return home so they spent the next five days traveling between Idaho and Eastern Washington before returning home to Pritchard, Idaho. (*Id.* at ¶ 4.) After their trip, the Childresses submitted a demand to Costco for approximately $4,195.48 (beyond what had already been paid) for re-keying their car/trailer/home, items stolen from the vehicle, as well as gas, food,

---

[1] Taken from Costco's Combined Stat. of Undisputed Facts, (Doc. 33), and the Childresses' Combined Stat. of Disputed Facts, (Doc. 51), and construed in favor of the non-moving party, *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam).

and lodging for their five-day trip. (*Id.* at ¶ 5.) Costco negotiated with the Childresses and sent them a release after they agreed on a figure of $3,480.00. (*Id.* at ¶ 6.) The Childresses took the release to an attorney for review and responded with an increased demand of $4,280.00. (*Id.*)

## ANALYSIS

### I. Summary Judgment

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Only disputes over facts that might affect the outcome of the lawsuit will preclude summary judgment. *Id.* at 248. Both the Childresses' bailment, (Doc. 15), and its property loss, (Doc. 21), motions are denied. Costco's motion for summary judgment on attorneys' fees, (Doc. 29), is granted. Its motions regarding liability, (Doc. 25), punitive damages, (Doc. 27), and emotional distress, (Doc. 31), are denied.

#### A. Bailment (Doc. 15)

The Childresses seek summary judgment on the liability portion of their bailment claim on the ground that Costco has not disclosed an expert opinion so cannot show it met the standard of care. The motion is denied.

3

The law of bailment generally requires a party to return in proper condition personal property that was "deposited" with them, or to pay for any damages resulting from wrongful use. *See* Mont. Code Ann. §§ 70–6–201 to 214. Under Montana law, "when goods are placed in the hands of a bailee in good condition and are returned in a damaged state or not at all, in an action by the bailor against the bailee, the law will presume negligence on the part of the latter and imposes upon him the burden of showing that he exercised such care as was required by the nature of the bailment." *Aetna Life & Cas. Co. v. Stan-Craft Corp.*, 499 P.2d 776, 778 (Mont. 1972). Thus, because the underlying bailment is undisputed here, (*see* Doc. 12 at ¶ 3(d); Doc. 24 at 1–2), Costco's negligence is presumed unless it can show that it exercised the care required, *see Aetna Life*, 499 P.2d at 778.

The Childresses insist that Costco cannot rebut the presumption because expert testimony is required to establish the applicable standard. In Montana, "expert testimony is required when the issue presented is sufficiently beyond the common experience of the trier of fact and the expert testimony will assist the trier of fact in determining the issues or understanding the evidence."[2] *Dayberry v. City of E. Helena*, 80 P.3d 1218, 1220–21 (Mont. 2003). Because "the exchange of

---

[2] While the Federal Rules of Evidence "ordinarily govern" in diversity actions, a state's evidentiary rule applies "where . . . [it] . . . is ultimately bound up with the rights and obligations being asserted." *Liebsack v. United States*, 731 F.3d 850, 855 (9th Cir. 2013).

4

keys at a tire shop," (Doc. 24 at 8), does not involve overly technical, scientific, or specialized knowledge, Costco is not required to establish the applicable standard of care through expert testimony. The motion is denied.

### B. Property Loss (Doc. 21)

The Childresses also seek summary judgment on the amount of their personal property loss, which they allege is $3,478.54. (Doc. 22 at 1.) Because Costco maintains that both liability and damages remain in dispute—raising issues of causation, and mitigation, (*see* Doc. 54; Doc. 22 at 8)—the motion is denied.

### C. Liability (Doc. 25)

Costco seeks summary judgment on the grounds that an intervening criminal act severed the chain of liability. It is undisputed that a criminal actor stole the Childresses' vehicle. (*See* Doc. 26-1 (police case report).) But an intervening act only severs liability if it is unforeseeable. *Estate of Strever v. Cline*, 924 P.2d 666, 672 (Mont. 1996). Further, "a cause of action involving superseding intervening acts, whether criminal or non-criminal, normally involves questions of fact which are more properly left to the finder of fact for resolution." *Id.* at 673–74. "If, under the facts of a given case, an intervening criminal act is one which the defendant might reasonably foresee, then there is no reason why the fact finder should not decide causation the same as with any other intervening causation case." *Id.* at 674.

5

Here, the car thief allegedly represented himself as the Childresses' son and a Costco employee gave him the keys to the car. Construing the facts in favor of the Childresses, a jury could conclude it was reasonably foreseeable that Costco could give the keys to the wrong person. (Doc. 51 at ¶ 25 ("A member should be required to show the claiming copy of the Tire Center Invoice or their driver's license to claim their vehicle."); *id.* at ¶ 32; Doc. 51-1 (Manual Excerpt).) Accordingly, summary judgment is denied.

### D. Punitive Damages (Doc. 27)

Costco seeks summary judgment on the claim of punitive damages on the ground that the Childresses fail to present any evidence of malice or actual fraud. An award of punitive damages is appropriate only where "the defendant has been found guilty of actual fraud or actual malice," Mont. Code Ann. § 27–1–221(1), and cannot be predicated on "mere negligence," *Campbell v. ACandS, Inc.*, 704 F. Supp. 1020, 1022 (D. Mont. 1989). Because the Childresses have not pled actual fraud, they must show actual malice. *See* § 27–1–221(2). Relevant here, the bailment statute provides that a "depositary is presumed to have willfully or by gross negligence permitted the loss or injury to occur," but only if "the depositary refuses to inform the depositor of the circumstances under which the loss or injury occurred." § 70–6–203.

6

Because there is no evidence Costco misrepresented the situation, § 70–6–203 does not provide a basis for punitive damages. The Childresses argue, however, that "Costco failed to use even slight care when . . . its employee presented their car keys to an individual who admitted he was not the owner," (Doc. 49 at 3), and that malice is shown by Costco's failure to train its employees on vehicle security, (*id.* at 5–7). While both contentions appear to sound in negligence, there is a sufficient dispute whether Costco acted with deliberate indifference or intentional disregard to raise a genuine issue. A Rule 50 motion may be appropriate, however, if the Childresses ultimately fail to present evidence of malice to the jury. Summary judgment is denied.

### E. Attorneys' Fees (Doc. 29)

The Childresses concede that their claim for attorneys' fees has no basis in law. (*See* Doc. 50); *Jacobsen v. Allstate Ins. Co.*, 215 P.3d 649, 655 (Mont. 2009). Summary judgment is therefore appropriate.

### F. Emotional Distress (Doc. 31)

Finally, Costco seeks summary judgment on the Childresses' claim for negligent infliction of emotional distress. That motion is denied.

First, Costco argues that emotional distress damages are not recoverable for claims arising out of damages to personal property. However, as argued by the Childresses, emotional distress can be a stand-alone claim. So long as they meet

7

the "serious and severe" standard outlined in *Sacco v. High Country Indep. Press*, 896 P.2d 411, 429 (Mont. 1995), their claim is cognizable. Moreover, Montana allows parasitic emotional distress in negligence cases that result in "stress, anxiety and depression." *McVey v. USAA Cas. Ins. Co.*, 313 P.3d 191, 196 (Mont. 2013).

Second, Costco argues that the Childresses cannot meet the "serious" or "severe" standard. In Montana, "[a]n independent cause of action for infliction of emotional distress will arise under circumstances where a serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's negligent or intentional act or omission." *Sacco*, 896 P.2d at 429. "To constitute 'serious' or 'severe,' the emotional distress must be 'so severe that no reasonable person could be expected to endure it.'" *Puryer v. HSBC Bank USA*, 419 P.3d 105, 115 (Mont. 2018) (quoting *Sacco*, 896 P.2d at 426). Such distress can be shown by physical manifestations or an intense or extended duration of distress. *See Feller v. First Inter. Bank, Inc.*, 299 P.3d 338, 345 (Mont. 2013).

**Randy.** Randy suffered post-traumatic stress disorder (PTSD) following his military service and tours in Vietnam. (Doc. 51 at ¶¶ 14, 16, 33.) Randy successfully treated his symptoms, (*id.* at ¶¶ 16, 34), but after this incident suffered an exacerbation of his condition manifesting in a variety of symptoms, including stress, paranoia, sleeplessness, fear, adverse appetite, irritability, anger, lack of intimacy, and anxiety, (*id.* at ¶¶ 17, 35). As a result, Randy sought therapeutic

8

counseling more than seventeen times, (*id.* at ¶ 36), which he had not done since 2012, (*id.* at ¶ 37). Randy alleges his social behavior has also changed since the incident, (*id.* at ¶ 39), and his treatment providers' notes reflect continuing issues based on the incident, (*see id.* at ¶ 41).

The Childresses have presented sufficient evidence upon which a jury could conclude that Randy suffered "serious" or "severe" emotional distress. *See Sacco*, 896 P.2d at 425. However, "the distress must be reasonable and justified under the circumstances." *Id.* at 426 (quoting The Restatement (Second) of Torts, ¶ 46). "[T]here is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor had knowledge." *Id.* The jury, therefore, will have to determine if Randy's reaction was reasonable under the circumstances.

**Claudia.** In their response, the Childresses clarify that Claudia's emotional distress is not independent, but parasitic. (*See* Doc. 48 at 4–5, 5 n.1.) Her claim is therefore not subject to the heightened "serious or severe" standard. *McVey*, 313 P.3d at 195. Because Claudia has alleged "stress, sleeplessness, fear, and nightmares" in connection with Costco's negligence, (Doc. 51 at ¶ 21; Doc. 48 at 4), she may be entitled to damages.

Accordingly, Randy's independent emotional distress claim and Claudia's parasitic emotional distress claim survive summary judgment.

9

## II. Motions in Limine

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Courts have broad discretion in ruling on motions in limine. *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). A motion in limine should be granted only when the evidence at issue is "inadmissible on all potential grounds." *Id.* (internal quotation marks omitted).

The Childresses' motion, (Doc. 44), is denied. Costco's motions, (Docs. 35, 37, and 39), are granted in part and denied in part.

### A. The Childresses' Motion (Doc. 44)

The Childresses seeks to exclude Costco from (1) introducing testimony to refute an agent admission and (2) offering its "rebuttal" expert witness to testify in the form of an opinion. Both requests are denied.

#### 1. Admission

On September 24, 2016, a Tire Center employee gave a statement that it was "common practice by all shop employees to both take keys back to counter [sic] or hand them off in the parking lot." (Doc. 45-1.) During the Rule 30(b)(6) deposition, Mr. Milliken testified that he did not know the name of any individuals that were going to testify to the Tire Center's procedures. (Doc. 45-2 at 4.) The Childresses therefore argue that Costco cannot offer testimony that contradicts its

10

agent's admissions. But, it is not clear what testimony the Childresses seek to exclude and Costco is not bound to the contents of its Rule 30(b)(6) deposition. *See Hall v. City of Fairfield*, 2012 WL 1155666, at *2 (E.D. Cal. Apr. 5, 2012) (denying a similarly vague motion to exclude evidence contravening deposition testimony). And, even if it were, Milliken made a statement in his deposition contradicting Kory's statements. (*See, e.g.*, Doc. 53-1 (stating that employees are trained on key return).) Moreover, Milliken also stated that he believed other Tire Center employees may testify, (Doc. 45-2 at 4), and Tire Center employees were included in Costco's Rule 26(a) preliminary disclosures, (*see* Doc. 53-2 at ¶¶ 6–17 (dated January 23, 2019); *see also* Doc. 9 at ¶ J). At a minimum, Costco could call the author of the statement to testify, potentially inconsistently with his prior statement. The Childresses' motion is denied subject to proper objection at trial.

### 2. Expert Rebuttal

The Childresses also seek to exclude the "rebuttal" opinion of Mr. Milliken on the grounds that it is not responsive to their expert's opinions and "amount[s] to no more than speculation and idle conclusions about facts to which he is not a percipient witness and upon which he has no foundation to testify as a witness with 'personal knowledge.'" (Doc. 45 at 12.) The Childresses also argue that Mr. Milliken is not qualified as an expert because he has not worked in a tire shop. Review of Mr. Millken's disclosure indicates that the opinions disclosed are

11

sufficiently relevant and reliable to be presented to the jury. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014); Fed. R. Evid. 702(a).

## B. Costco's Omnibus Motion (Doc. 35)

Costco seeks to exclude testimony or evidence in five areas: (1) future medical expenses; (2) Costco's net worth; (3) witnesses under Rule 615; (4) witness opinions regarding ultimate questions of law; and (5) golden rule arguments. In light of the Childresses' concessions, (*see* Doc. 52 at 3), the motion is granted as to (3), (4), and (5). Costco's net worth is only relevant to punitive damages, which remains a disputed question. Accordingly, Costco's motion is denied subject to renewal once a final determination has been made on punitive damages. Future medical expenses are discussed below.

## C. Liability Expert (Doc. 37)

Costco seeks to exclude the testimony of the Childresses' liability expert, Bip Bagnell, on the grounds that expert testimony is not required, and, even if it is, Mr. Bagnell did not base his opinions on sufficient facts. That motion is granted in part. Review of Mr. Bagnell's disclosure indicates that the opinions disclosed are sufficiently relevant and reliable to be presented to the jury. *Estate of Barabin*, 740 F.3d at 463; Fed. R. Evid. 702(a). However, as discussed above, the burden of proof in this case has shifted under the bailment statute and Costco must show that it met the applicable standard of care. As a result, Mr. Bagnell's testimony is

12

limited to rebut evidence presented by Costco in its case-in-chief that it exercised reasonable care or met industry standards.

### D. Damages Expert (Doc. 39)

Costco argues that because the Childresses have not disclosed any claim of medical or future medical expenses, they are foreclosed from pursuing such a claim. Costco also seeks to exclude evidence or testimony on damages beyond the scope of what is disclosed in the Childresses' medical records and regarding medical expenses and future medical care. The Childresses concede they will not seek to recover counseling expenses from Costco because they are covered by the Veteran's Administration. (*See* Doc. 52 at 3.) Thus, the motion is granted to that extent. It is denied, however, to the extent that evidence of past or future medical expenses may be relevant to show Randy and Claudia' emotional damage. Costco may raise specific objections to the presentation of such evidence at trial.

## CONCLUSION

Accordingly, IT IS ORDERED that:

(1) The Childresses' summary judgment motions on bailment (Doc. 15) and property loss (Doc. 21) are DENIED;

(2) Costco's summary judgment motion on attorneys' fees (Doc. 29) is GRANTED;

(3) Costco's summary judgment motions on liability (Doc. 25), punitive damages (Doc. 27), and emotional distress (Doc. 31) are DENIED;

(4) The Childresses' motion in limine (Doc. 44) is DENIED.

(5) Costco's omnibus motion in limine, (Doc. 35), is GRANTED as to Rule 615, the ultimate question, and the golden rule. It is DENIED with respect to Costco's net worth, subject to renewal depending on the disposition of the punitive damages claim. It is also DENIED insofar as evidence of past and future medical expenses may be relevant to meeting *Sacco*'s "serious" or "severe" standard. Costco may raise specific objections at trial.

(6) Costco's motion to exclude the Childresses' liability expert (Doc. 37) is GRANTED to the extent that Mr. Bagnell is limited to testifying on rebuttal to those opinions that have been properly disclosed. It is DENIED in all other respects; and

(7) Costco's motion to exclude the Childresses' damages expert (Doc. 39) is GRANTED to the extent that the parties are limited to what has been fairly disclosed, but DENIED consistent with (5) above.

DATED this 2nd day of April, 2019.

Donald W. Molloy, District Judge
United States District Court

14