IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDALL CHILDRESS and CLAUDIA CHILDRESS,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | CV 18–183–M–DWM<br><br>ORDER |

On September 23, 2016, Randy and Claudia Childress gave their car keys to an employee in the Tire Center of Defendant Costco Wholesale Corporation to get their tires rotated. (Doc. 12 at ¶ 3(d).) Their keys were then given to another individual who drove away in their car. (*Id.*) They sued Costco, alleging negligence (Counts 1, 4), bailment (Count 2), and negligent infliction of emotional distress (Count 3). (*See* Doc. 13.) At the April 11, 2019 final pretrial conference, the parties were given the opportunity to argue Costco's request to exclude the expert testimony of Timothy J. Stoddard, a psychiatrist noticed by the Childresses. Ultimately, the inadequacy of Mr. Stoddard's expert disclosure excludes his opinion testimony at trial, but he is permitted to testify as a fact witness. *C.f. Apex*

1

*Abrasives v. WGI Heavy Minerals, Inc.*, 2019 WL 1403111 (D. Mont. Mar. 28, 2019).

Parties are required to make their expert disclosures at the time and in the manner ordered by the Court. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). If a party fails to properly disclose this information, the party cannot use the non-disclosed information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molloy, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The parties were reminded of this potential sanction in the Scheduling Order, which states: "An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed." (Doc. 12 at ¶ 9(c).)

Rule 26(a)(2) provides for disclosures by two types of expert: those retained or specifically employed to give expert testimony in a case, Fed. R. Civ. P. 26(a)(2)(B), and those who are not retained or specially employed, but who nonetheless may provide expert testimony, Fed. R. Civ. P. 26(a)(2)(C). An expert who falls into the first category is required to provide an expert report. Fed. R. Civ. P. 26(a)(2)(B). An expert who falls into the second category, however, need only provide disclosures stating both "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705[]

and . . . a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i), (ii).

Here, Dr. Stoddard was disclosed as a non-retained, treating physician under Rule 26(a)(2)(C). Costco argues that Dr. Stoddard does not qualify as a treating physician because Randy Childress went to see him only one time and it was for the specific purpose of getting an expert opinion in anticipation of litigation. Thus, according to Costco, Dr. Stoddard was required to provide an expert report under Rule 26(a)(2)(B). The Childresses argue that Dr. Stoddard should be able to testify to his meeting with Randy, the course of treatment he prescribed, and explain why he prescribed that course of treatment. Costco has the better argument.

A treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent his opinion was formed during the course of treatment, i.e., to the expert's percipient opinions. *Goodman*, 664 F.3d at 826; *see Tarter v. Throne Law Office, P.C.*, 2019 WL 609337, at *3–4 (D. Mont. Feb. 13, 2019) (collecting cases). "[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)." *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734–35 (7th Cir. 2010).

3

There is no dispute that Randy only saw Dr. Stoddard one time. Additionally, his medical records from his treating physician, Dr. April Roberts, indicate that Randy needed to get a medical opinion for this litigation and that he sought out Dr. Stoddard to provide that opinion. (*See* Doc. 60-4.) Then, at their meeting, Dr. Stoddard merely took Randy's history, performed a physical exam, made an assessment of PTSD, and directed Randy to return if his symptoms worsened or persisted. (*See* Doc. 60-3.) There is no evidence that Dr. Stoddard previously considered or determined the cause of Randy's injuries during the course of treatment.

Because Dr. Stoddard's Rule 26(a)(2)(C) disclosure is insufficient for a retained expert and the Childresses have not shown that their failure to provide an adequate disclosure was either substantially justified or harmless, exclusion is appropriate. Fed. R. Civ. P. 37(c)(1). Accordingly, IT IS ORDERED that Dr. Stoddard's expert opinion testimony is excluded from trial; however, Dr. Stoddard is permitted to testify as a fact witness.

DATED this 12th day of April, 2019.

Donald W. Molloy, District Judge
United States District Court

4