

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDALL CHILDRESS and CLAUDIA CHILDRESS,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | CV 18–183–M–DWM<br><br>ORDER |

On April 24, 2019, a six-person jury rendered a verdict of $65,028.43 in favor of Plaintiffs Randall and Claudia Childress in their bailment and negligence action against Defendant Costco Wholesale Corporation. (Doc. 90.) Judgment was entered on April 25, 2019, (Doc. 98), and Costco filed its notice of appeal on May 22, 2019, (Doc. 102). Costco now moves for approval of its bond and to stay execution of the judgment pending appeal. (Doc. 108.)[1] The Childresses oppose the motion, arguing that (1) Costco has the burden to show the factors outlined in *Nken v. Holder*, 556 U.S. 418, 434 (2009), are met; and (2) any bond, if approved,

---

[1] Costco's filing on this matter are confusing at best. Its motion is filed at Doc. 108, while its brief in support is filed at Doc. 105. The bond itself is filed twice, once as an attachment, (Doc. 105-2), and once on its own (Doc. 106). Additionally, Docs. 104 and 107 were stricken as incorrectly filed.

1

should include interest. (Doc. 111.) Costco's motion is granted, and the bond approved for the amount proposed by Costco.

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security."[2] Under the rule, a party is entitled to a stay of the judgment as a matter of right upon posting a bond or security. *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966). The bond or security protects the prevailing party "from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). As explained in this Court's recent decision in *United States v. Birdsong*, a Rule 62(b) stay involving a money judgment, and not injunctive relief, does not implicate the *Nken* factors. Cause No. CV 17-72-M-DWM, Doc. 58 at 4, 2019 WL 1026277, at *2 (D. Mont. Mar. 4, 2019) (referencing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), upon which *Nken* relies). So long as the prevailing party is protected against the risk of being unable to collect the judgment, *Westphal*, 859 F.2d at 819, the Court has broad discretion to grant a stay.

---

[2] The 2018 amendments to Rule 62 reorganized and revised the provisions for staying a judgment. Rule 62(b) "carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendments.

2

Here, Costco has posted a bond in the amount of $65,028.43 for the judgment and $2,883.30 in costs, (*see* Doc. 106), effectively securing the Childresses' favorable judgment. Even though that bond amount does not include interest, the Childresses themselves recognize that Costco's net worth obviates any argument that it would be unable to pay interest once the case is resolved on appeal.

Accordingly, IT IS ORDERED that Costco's motion for a stay pending appeal (Doc. 108) is GRANTED. The Supersedeas Bond in the amount of $67,911.73 is APPROVED on the condition that the original bond be provided to the Clerk's Office for the United States District Court in Missoula, Montana within three (3) days of the date of this Order. Execution of the Judgment (Doc. 98) and the taxation of costs (Doc. 101) are STAYED pending resolution of this matter on appeal.

DATED this 6th day of June, 2019.

Donald W. Molloy, District Judge
United States District Court

3