IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDALL CHILDRESS and CLAUDIA CHILDRESS,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | CV 18–183–M–DWM<br><br><br>ORDER |

On September 23, 2016, Randall and Claudia Childress (the "Childresses") gave their car keys to an employee in the Tire Center of Defendant Costco Wholesale Corporation ("Costco") to get their tires rotated. (Doc. 12 at ¶ 3(d).) Before they went to pick up their car, their keys had been mistakenly given to a thief who drove away in the Childresses' vehicle. (*Id.*) Although the vehicle was recovered a short time later, several items were stolen, including a handgun, ammunition, documents containing the Childresses' home address, and house keys. This case, and its extensive procedural history, arises out of that incident.

**BACKGROUND**

In 2018, the Childresses sued Costco, alleging negligence (Count 1), bailment (Count 2), negligent infliction of emotional distress (Count 3), and

1

negligent training and supervision (Count 4). (*See* Doc. 13.) Count 4 was disposed of before trial, (Doc. 77 at 14), and Count 3 was voluntarily withdrawn during the settling of jury instructions, (Trial Tr. 442–43).

At trial, the Childresses presented evidence that Randall suffered from post-traumatic stress disorder ("PTSD") that was exacerbated by the theft and that both Childresses suffered stress, sleeplessness, fear, and nightmares. Even though the negligent infliction of emotional distress claim has been withdrawn, the jury was instructed that if it found for the Childresses on their negligence claim, it "must determine the amount of damages" to compensate them for any parasitic damages caused, including "the mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future." (Doc. 87 at 23.) The jury returned a verdict in favor of the Childresses, awarding them $2,278.43 on their bailment claim and $62,750.00 on their negligence claim. (*See* Doc. 90.) Judgment was entered on April 25, 2019. (*See* Doc. 98.)

Costco appealed, primarily arguing that the negligence award should be set aside on the ground that Montana does not allow parasitic emotional distress damages for negligence causing personal property damage or loss. The Ninth Circuit certified the issue to the Montana Supreme Court, (*see* Doc. 119), which concluded, based on the facts of this case, that the "Childresses did not establish the basis for parasitic emotional distress damages" by showing "a subjective

relationship with the [stolen] property on a 'personal identity' level." *Childress v. Costco Wholesale Corp.*, 493 P.3d 314, 318 (Mont. 2021) (quoting *Maloney v. Home & Invest. Ctr., Inc.*, 994 P.2d 1124, 1137 (Mont. 2000)); (*see also* Doc. 120). The Ninth Circuit then resolved the appeal and entered a nonpublished memorandum disposition concluding that "the Childresses are not entitled to parasitic emotional distress damages for their underlying negligence claim" and vacating "the award of $62,750 in 'unspecified, non-property damages.'" *Childress v. Costco Wholesale Corp.*, 2021 WL 4959232 (9th Cir. Oct. 26, 2021); (*see* Doc. 121). All other issues were considered moot. *See id.* at n.1. On November 17, 2021, a mandate was issued. (*See* Doc. 130.)

On remand, there are two new motions pending: (1) the Childresses seek a new trial to resurrect their claim for negligent infliction of emotional distress, (Doc. 126), and (2) Costco seeks to amend the judgment to vacate and remove the $62,750 negligence award, (Doc. 124). A motion hearing was held on December 20, 2021. Considering the briefs and the argument, the Childresses' Rule 59 motion is denied as untimely and Costco's motion, considered as a Rule 60(b) motion, is granted.

### ANALYSIS

Both parties invoke Rule 59 of the Federal Rules of Civil Procedure; the Childresses seek a new trial on Randall's tactical decision at trial to withdraw his

claim for negligent infliction of emotional distress under Rule 59(a) and Costco seeks to amend the judgment to exclude the negligence award under Rule 59(e). To be timely, however, both motions had to be filed "no later than 28 days after entry of judgment." *See* Fed. R. Civ. P. 59(b), 59(e). That time limit is jurisdictional and cannot be extended, even for good cause. *See Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000); *see also* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] . . . 59(b) . . . ."); *Ramos v. Alvarez*, 2021 WL 3488501, at *2 (E.D. Cal. Aug. 9, 2021) (collecting cases). Although the parties appeared to argue at the motion hearing that a Rule 59 motion can be filed *before* judgment has been entered, they ignore the fact that the original judgment based on the jury verdict was entered on April 25, 2019, (*see* Doc. 98), and that judgment remains in place. While the Ninth Circuit vacated part of that judgment, it did not vacate it in its entirety. As a result, neither motion is timely under Rule 59. And, even if the Childresses' motion were timely, the Court is unlikely to grant the request for a new trial based on counsel's strategic decision at trial to pursue a claim with a lower burden of proof. *Cf. P.E.T.A. v. U.S. Dept. of Health & Human Servs.*, 901 F.3d 343, 355 (D.C. Cir. 2018) (explaining that Rule 60(b)(6) "should not be employed simply to rescue a litigant from strategic choices that later turn out to be improvident" (quotation marks omitted)).

Nevertheless, insofar as Costco's motion is concerned, an untimely Rule 59(e) motion can be treated as a Rule 60(b) motion "if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." *Frew v. Young*, 992 F.2d 391, 396 (5th Cir. 2021) (quotation marks omitted); *see also Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010); *cf. Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2011). Rule 60(b) allows a party to seek relief from a final judgment for, *inter alia*, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In so doing, Rule "60(b)(6) is a grand reservoir of equitable power that allows courts to grant relief from a final judgment." *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 439 (9th Cir. 2019). This clause should therefore be "liberally applied . . . , giving due regard to the sound interest underlying the finality of judgments, the district court . . . has the power to grant relief from a judgment whenever, under all the surrounding circumstances, such action is appropriate in the furtherance of justice." *Id.* (quotation marks omitted). In such cases, the movant must show "extraordinary circumstances" exist. *Id.*

The unique procedural posture of this case and the ambiguity in the language of the Circuit's disposition provide such circumstances in this case. As referenced above, the Ninth Circuit memorandum disposition declared that "the award of $62,750 in 'unspecified, non-property damages' on the Childresses['] negligence

5

claim is VACATED." (Doc. 121 at 3.) But the Ninth Circuit also "remanded . . . for further proceedings." (*Id.*) In so doing, the Circuit clearly vacated a portion of the judgment but left the rest of the judgment in place, intimating that some further action was required by this Court. As made clear at oral argument, both parties would agree that the judgment must be amended. Therefore, an amended judgment will be entered consistent with the Ninth Circuit's order to vacate that part of the judgment awarding parasitic damages. But the Childresses prevail on the verdict awarding bailment damages.

## CONCLUSION

Accordingly, IT IS ORDERED that the Childresses' motion (Doc. 126) is DENIED without prejudice as untimely.

IT IS FURTHER ORDERED that Costco's motion, treated as a motion under Rule 60(b), is GRANTED. The April 25, 2019 judgment, (Doc. 98), is VACATED. The Clerk of Court is directed to enter an amended judgment contemporaneously with this Order, awarding bailment damages in the amount of $2,278.43.

DATED this 21st day of December, 2021.

Donald W. Molloy, District Judge
United States District Court