IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDALL CHILDRESS and CLAUDIA CHILDRESS,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | CV 18–183–M–DWM<br><br>ORDER |

On September 23, 2016, Randall and Claudia Childress (the "Childresses") gave their car keys to an employee in the Tire Center of Defendant Costco Wholesale Corporation ("Costco") to get their tires rotated. Their keys were given to a thief who drove away in the Childresses' vehicle. Although the vehicle was recovered a short time later, several items were stolen. The Childresses sued, and on April 24, 2019, a jury returned a verdict in their favor, awarding $2,278.43 in bailment damages and $62,750.00 in negligence damages. (Doc. 90.) Costco successfully appealed the negligence award, (*see* Docs. 121, 130), and an amended judgment was entered on December 21, 2021, reducing the Childresses' award to $2,278.43 in bailment damages, (Doc. 135). Both parties now seek costs. (*See* Docs. 137–41.)

1

Rule 68(a) allows a defendant to make an offer of judgment to an opposing party in a civil case. If the offeree refuses the offer of judgment and later obtains a judgment that is "not more favorable than the unaccepted offer," Rule 68(d) requires the offeree to pay the costs incurred by the defending party after the offer was made. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1026 (9th Cir. 2003). Here, Costco made an offer of judgment in the amount of $4,750.00 on April 5, 2019. (*See* Doc. 138-1.) But contrary to Costco's argument, this offer amount is not just compared to the Childresses' $2,278.43 bailment damages, "but also the claimant's pre-offer costs and fees actually awarded." *Hescott v. City of Saginaw*, 757 F.3d 518, 527 (6th Cir. 2014); *see also Marek v. Chesny*, 473 U.S. 1, 7 (1985) (describing the "calculus" as the offer versus damages plus pre-offer costs). Put differently,

> Rule 68 requires that a comparison be made between an offer of judgment that includes 'costs then accrued' and the 'judgment finally obtained' . . . . To make a proper comparison between the offer of judgment and the judgment obtained when determining, for Rule 68 purposes, which is the more favorable, like 'judgments' must be evaluated. Because the offer includes costs then accrued, to determine whether the judgment obtained is more favorable . . . the judgment must be defined on the same basis—verdict plus costs incurred as of the time of the offer of judgment.

*Bogan v. City of Boston*, 489 F.3d 417, 431 (1st Cir. 2007) (quoting *Marryshaw v. Flynn*, 986 F.2d 689, 692 (4th Cir. 1993)).

Here, costs were taxed against Costco in the amount of $2,883.30 following

the April 2019 jury trial. (Doc. 101.) Those costs were all incurred prior to Costco's April 5, 2019 offer of judgment. (*See* Doc. 99 (containing invoices from March 3 and 11, 2019).) Accordingly, the Childresses' judgment is worth $5,161.73 for the purposes of Rule 68(a). Because that amount exceeds the $4,500 offer of judgment, Costco is not entitled to costs under Rule 68(d).

As the prevailing party, the Childresses are entitled to costs. *See* Fed. R. Civ. P. 54(d)(1). This Court previously awarded costs in the amount of $2,883.30. (*See* Doc. 101.) The Childresses now seek $4,206.20. (*See* Doc. 140.) Costs are awarded in the amount of $3,054.30 as outlined below:

| Item | Amount[1] | Ruling |
|---|---|---|
| Clerk Fee | $120.00 | Permitted under 28 U.S.C. § 1920(1) |
| Fees for Service of Summons and Subpoenas | ~~$83.00~~ | While generally permitted under 28 U.S.C. § 1920(1), no documentation was provided. |
| Milliken Deposition and Exhibits | $1,416.00 | Permitted under 28 U.S.C. § 1920(2) |
| Childresses Depositions and Exhibits | $1,071.70 | Permitted under 28 U.S.C. § 1920(2) |
| Bagnell Deposition and Exhibits | $275.60 | Permitted under 28 U.S.C. § 1920(2) |
| Montana Supreme Court Filing Fee | $50.00 | Permitted under 28 U.S.C. § 1920(1) |
| Printing/Copies | $121.00 | Permitted under 28 U.S.C. § 1920(4) |
| Bates and Indexing | ~~$1,119.00~~ | Does not qualify as "copy" fees under 28 U.S.C. § 1920(4). Additionally, only $88.00 of the $1,119.00 requested is |

---

[1] It is unclear what the amounts included on the cover page, (*see* Doc. 140 at 1), include. As a result, costs were assessed based on the supporting documentation provided.

|  |  | billed to this case; other entries regard unrelated matters. |
|---|---|---|
| **TOTAL:** | $3,054.30 |  |

Based on the above, IT IS ORDERED that the Childresses' application for costs (Doc. 140) is GRANTED in PART and DENIED in PART. The Clerk is directed to tax costs in the amount of $3,054.30 against Costco. Costco's motion and application for costs (Docs. 137, 139) are DENIED.

DATED this 13th day of January, 2022.

_____ 15:00 P.M.
Donald W. Molloy, District Judge
United States District Court